# IN THE MATTER OF THE APPLICATION OF HENRY WHETSTONE FOR A WRIT OF HABEAS CORPUS.

CONTEMPT.—POWER OF TERRITORIAL COURT.—*Semble* that the district courts of the territory while sitting exercising the powers of district and circuit courts of the United States, have the power to punish for contempt which is given to United States courts by section 725, Revised Statutes, and are not limited by section 3830, 2 Comp. Laws of 1888.

HABEAS CORPUS.—CONTEMPT.—RECORD.—*Semble* that upon *habeas*

*corpus* to review a commitment for contempt, if it had juris-
diction, is conclusive, when the commitment is sought to be
reviewed collaterally upon *habeas corpus*.

Application for a writ of *habeas corpus* to review an
adjudication of contempt of the district court of the fourth
district, Hon. James A. Miner, judge.

The record on this application was as follows: The
petition for the writ of *habeas corpus* set out as Exhibit A,
the affidavit of E. M. Allison which stated that he was
the Assistant United States Attorney in charge of all
criminal prosecutions in the fourth judicial district; that
while the grand jury of said district was examining into a
charge of adultery and unlawful cohabitation against one
John Hopkin under the laws of the United States, the
defendant Henry Whetstone, well knowing that one George
Craig had on the 18th day of February, 1893, been duly
subpoenaed to appear before said grand jury on the 25th
day of February, 1893, to testify in regard to said charges
against John Hopkin, did, on the 19th day of February,
1893, persuade and induce said George Craig to leave the
Territory of Utah, in order that he might not appear before
said grand jury to testify, and that in consequence of such
inducement and persuasion said Craig did leave said Terri-
tory, and by such acts said Whetstone committed a
contempt of court. Exhibit B was a copy of the answer
of said Whetstone, denying every fact alleged in the affi-
davit, except that said Craig had left the Territory.
Exhibit C consisted of certain interrogatories put to said
Whetstone in regard to the matter, with the answers of
said Whetstone thereto. Exhibit D was the order of the
fourth district court made in regard to the matter, which
found that said Whetstone had committed the acts alleged
in the said affidavit of said Allison, had interfered with
the process and proceedings of said court, and it was

órdered that said Whetstone be confined in Utah penitentiary for the term of ninety days.

The petition for the writ alleged that the imprisonment of petitioner was illegal because the court after the filing of the affidavit, Exhibit A, above set out, on February 17, 1893, examined witnesses over the objection of petitioner and because afterwards, on February 18, 1893, said Whetstone answered and fully purged himself of all contempt and afterwards, on February 20, 1893, said Whetstone by his answers to interrogatories, Exhibit C, fully purged himself of any contumacious conduct toward the court, and afterwards said court in excess of its jurisdiction made the illegal order, Exhibit D, in consequence of which said Whetstone was and is imprisoned.

The government demurred to the petition and argument was had upon it.

The following are sections of the statute of point in this case:

Section 725, Revised Statutes of United States: "The said courts [of the United States] shall have power * * * to punish by fine or imprisonment, at the discretion of the court, contempts of their authority: *Provided,* That such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person, to any lawful writ, process, order, rule, decree, or command of the said courts.

Section 3839, 2 Comp. Laws, 1888: "Upon the answer and evidence taken, the court or judge must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of

the contempt, *a fine may be imposed on him not exceeding two hundred dollars or he may be imprisoned not exceeding five days or both."*

*Messrs. Evans and Rogers,* for the petitioner.

No brief is on file, but the cause was argued orally.

*Mr. W. L. Maginnis,* for the government.

PER CURIAM.    It is ordered that the issuance of a writ of *habeas corpus* be denied.

ZANE, C. J., and BARTCH, J., concurred.

SMITH, J., dissented.    MINER, J., did not sit in the case.